# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| | ) | Criminal Action No. 07-100 |
| **v.** | ) | |
| | ) | Civil Action No. 11-371 |
| | ) | |
| FREDDIE MILLER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

Pending before the court is a motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 US.C. § 2255 (ECF No. 624)[1] filed by petitioner Freddie L. Miller ("Miller" or "petitioner"). Upon reviewing petitioner's motion and the government's response (ECF No. 639), the court will deny petitioner's motion for the reasons set forth herein.

**I. Background**

On March 31, 2007, a federal grand jury returned an indictment charging petitioner with 1) one count of possessing with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A)(iii) (count fifteen); 2) one count of possessing with intent to distribute less than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C); and 3) one count of possessing with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B)(iii). (ECF No. 15). On February 9, 2009, petitioner entered a plea of guilty to count fifteen of the indictment which charged petitioner with possessing with intent to distribute

---
[1] ECF No. references are to filing in Criminal No. 07-100.

fifty grams or more of cocaine base. (ECF No. 384). On June 17, 2009, petitioner was sentenced to a term of imprisonment of 185 months followed by a term of supervised release of five years, no fine, and a special assessment of $100. (ECF No. 450). Upon the motion of the government, the other two charges were dismissed. On June 22, 2009, petitioner filed a notice of appeal of his sentence. (ECF No. 452). On May 18, 2010, the United States Court of Appeals for the Third Circuit granted the government's motion to enforce the appellate waiver by summary action and affirmed the judgment of this court. (ECF No. 566).

On or about March 23, 2011, the clerk of court received and filed petitioner's motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. In his motion, petitioner lists five grounds for his claim that he is being held in violation of the Constitution, laws or treaties of the United States and his prayer for relief that the court vacate, set aside, or correct his sentence. All five grounds are based upon claims of ineffective assistance of counsel during sentencing. The grounds include the following allegations: a) petitioner's counsel failed to challenge the government on the § 2D1.1(b)(1) guidelines enhancement; b) counsel failed to challenge petitioner's career offender classification; c) counsel failed to object to petitioner being sentenced outside the advisory guidelines; d) counsel failed to object to the court's failure to acknowledge the significant rights that petitioner was waiving by pleading guilty; and e) counsel failed to object to the alleged drug quantity attributed to petitioner.

On March 29, 2011, this court issued a notice that the motion to vacate had been filed and directed the government to file its response and a brief in opposition on or before May 9, 2011. On May 9, 2011, the government filed a motion for extension of time to file a response (ECF No. 626) and on June 8, 2011, this court granted the motion. On July 8, 2011, the government filed a

motion for extension of time to file a response (ECF No. 627) and on July 12, 201, the court granted the motion directing the government to reply by August 10, 2011. On December 13, 2011, this court noted that the government's response was past due and ordered a response on or before December 27, 2011. On December 27, 2011, the government filed a motion for extension of time to respond (ECF No. 637) and on December 28, 2011, this court granted the motion directing the government to respond on or before December 30, 2011. On December 30, 2011, the government filed its response in opposition. (ECF No. 641). In the response, the government argues that petitioner's motion should be dismissed because he waived his right to attack collaterally his conviction, and he knowingly and voluntarily entered into the waiver. The government alternatively argues that petitioner's counsel was effective and that, even if counsel was ineffective, petitioner suffered no prejudice as a result.

## II. Standard of Review

Under 28 U.S.C. § 2255, a federal prisoner in custody may move the court which imposed the sentence to vacate, set aside or correct the sentence upon the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. The Supreme Court read the statute as stating four grounds upon which relief can be granted:

> (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence "is otherwise subject to collateral attack."

CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 625 (4th ed. 2011) (quoting Hill v. United States, 368 U.S. 424, 426-27 (1962)). The statute provides as a remedy for a

sentence imposed in violation of law that "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255.

A district court is required to hold an evidentiary hearing on a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255, unless the motion and records of the case show conclusively that the movant is not entitled to relief. 28 U.S.C. § 2255 ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing hereon, determine the issues and make findings of fact and conclusions of law with respect thereto."); United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005).

### III. Petitioner's Waiver of Right to Collateral Review

Criminal defendants may waive the right to a collateral review of a sentence during the course of a plea agreement and guilty plea. See United States v. Mezzanatto, 513 U.S. 196, 201 (1995) ("A criminal defendant may knowingly and voluntarily waive many of the most fundamental protections afforded by the Constitution"). These waivers are enforceable "provided that they are entered into knowingly and voluntarily and their enforcement does not work a miscarriage of justice." United States v. Mabry, 536 F.3d 231, 237 (3d Cir. 2008). Although "a defendant bears the burden of presenting an argument that would render his waiver unknowing or involuntary, a court has an affirmative duty both to examine the knowing and voluntary nature of the waiver and to assure itself that its enforcement works no miscarriage of justice." Id. at 237-38. When addressing whether the waiver was entered into knowingly and voluntarily, this court is to review the change-of-plea colloquy to ensure that the "court 'inform[ed] the defendant of, and determine[d] that the defendant underst[ood] . . . the terms of

any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence' as Federal Rule of Criminal Procedure 11(b)(1)(N) requires." Id. at 239. This court is to use a "common sense approach" when looking at the underlying facts "in determining whether a miscarriage of justice would occur if the waiver were enforced." Id. at 242. The Court of Appeal for the Third Circuit

> endorsed the methodology of the Court of Appeals for the First Circuit, which suggested "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result" as factors to consider before invalidating a waiver as involving a "miscarriage of justice." *United States v. Teeter,* 257 F.3d 14, 25-26 (1st Cir.2001). At the same time, we have declined to identify a list of specific circumstances which would give rise to, or constitute, a miscarriage of justice.

Id. at 242-43.

Petitioner fails to establish that the waiver of his right to a collateral review should not be enforced by this court. Although "'the language of [a] waiver, like the language of a contract, matters greatly' to [the] analysis, [United States v.] Goodson, 544 F.3d [529] at 535 [(3rd Cir. 2008)], and that such waivers must be 'strictly construed,' United States v. Khattak, 273 F.3d 557, 562 (3d Cir.2001)," this court deems the language in the plea agreement to constitute a sufficiently clear waiver of the right to a collateral review of a sentence.[2] United States v. Corso, 549 F.3d 921, 927 (3d Cir. 2008). The language contained in the plea agreement alone may be insufficient to ensure that petitioner knowingly and voluntarily waived his right to collateral review. See Corso, 549 F.3d at 930 (noting that "'[t]he point of Rule 11(b)(1)(N) is that a signed piece of paper is not enough,'" and that district courts are charged with reviewing a plea

---

[2] The plea agreement stated the following: "Freddie Miller further waives the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence." (ECF No. 383 at 3).

agreement extensively with the defendant to ensure sufficient understanding of the consequences (quoting United States v. Sura, 511 F.3d 654, 662 (7th Cir. 2007))).

During the change of plea hearing held on February 9, 2009, petitioner acknowledged that he was able to speak and understand English. (ECF No. 468 at 3). He had a ninth grade education (id.), was not under the influence of drugs or alcoholic beverages (id. at 4), was not under the care of a physician or psychiatrist (id.), and understood what was happening at the hearing (id.). The court found petitioner was competent to plead. (Id.) Petitioner acknowledged that he understood he did not have to change his plea. (Id. at 5.) Petitioner acknowledged the minimum and maximum penalties of the offense. (Id. at 13.) The court asked:

> THE COURT: Now, Mr. Miller, did you have an opportunity to read and discuss each of the provisions of the plea agreement with your lawyer before you signed the plea agreement?
>
> THE DEFENDANT: Yes, I did.
>
> THE COURT: Did you understand the terms? Do you have any questions about them?
>
> THE DEFENDANT: No, ma'am.

(ECF No. 468 at 15).

The prosecutor reviewed the terms of the plea including the waiver of petitioner's appeal and collateral attack rights:

> MS. BOWDEN: The defendant has agreed to enter a plea of guilty to Count 15 of the indictment. He accepts and acknowledges his responsibility for the conduct charged in Counts 1, 20, and 21 and stipulates that the conduct charged in those counts may be considered by the probation office or by the Court in imposing sentence.

6

> If the Court were to impose a fine as part of a sentence of incarceration, the defendant agrees to participate in the United States Bureau of Prisons Inmate Financial Responsibility Program through which 50 percent of his prison salary would be applied to pay the fine.
>
> He's agreed to pay the $100 special assessment. He waives the right to seek post-conviction DNA testing of physical evidence and the right to preservation of such evidence to ensure its viability for DNA testing.
>
> He waives any former jeopardy or double jeopardy claims he may have in or as a result of any related civil or administrative actions.
>
> He waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C., Section 1291 or 18 U.S.C., Section 3742, subject to the following exceptions:
>
>> If the United States appeals from the sentence, Freddie Miller may take a direct appeal from the sentence.
>>
>> If, one, the sentence exceeds the applicable statutory limits set forth in United States Code or, two, the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, the defendant may take a direct appeal from the sentence.
>
> He further waives the right to file a motion to vacate sentence under Title 28, U.S.C., Section 2255 attacking his conviction or sentence and the right to file any other collateral proceeding attacking his conviction or sentence.

(ECF No. 468 at 16-17).

The court interrupted the review of the plea agreement terms by the prosecutor and engaged in the following colloquy with petitioner:

| THE COURT: | I want to take a minute to go over those last provisions with you, Mr. Miller. |
|---|---|
| | Did you talk about waiving your right to appeal and waiving the circumstances in which you could appeal with your counsel? |
| THE DEFENDANT: | Yes, ma'am. |
| THE COURT: | Now, you understand by signing the plea agreement, you have given up significant rights with respect to an appeal? |
| THE DEFENDANT: | Yes, ma'am. |
| THE COURT: | You understand you agreed to very stringent limitations on when you can appeal? |
| THE DEFENDANT: | Yes, ma'am. |
| THE COURT: | You understand there are only three situations in which you can appeal. The first is if the government appeals, then you can appeal. Do you understand that? |
| THE DEFENDANT: | Yes. |
| THE COURT: | The only other two situations in which you can appeal is if the Court imposes a sentence beyond the applicable statutory limits. Remember, I just went over with you the maximum penalties. So if I would impose a sentence in excess of the maximum penalties permitted by statute, then you could appeal. Do you understand that? |
| THE DEFENDANT: | Yes, ma'am. |
| THE COURT: | Then the third situation which you could appeal is if the Court imposes a sentence that unreasonably exceeds the guideline range determined by the Court, not the one that you and your attorney talked about, but the one that the Court actually determines is the guideline range, the Court imposes a sentence that |

|               |                                                                                                                                                                                                 |
| ------------- | ----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
|               | unreasonably exceeds that range, then you could appeal.                                                                                                                                         |
| THE DEFENDANT: | I understand.                                                                                                                                                                                   |
| THE COURT:    | Those are the only three times or situations in which you could appeal.                                                                                                                         |
| THE DEFENDANT: | Yes, ma'am.                                                                                                                                                                                     |
| THE COURT:    | You also understand that you can't file any other proceeding later to try to challenge your sentence. You have completely given up that right to collaterally attack your sentence. Do you understand that? |
| THE DEFENDANT: | I understand.                                                                                                                                                                                   |
| THE COURT:    | You are willing to agree to those waivers as set forth in the plea agreement?                                                                                                                   |
| THE DEFENDANT: | Yes, I do.                                                                                                                                                                                      |
| THE COURT:    | Okay.                                                                                                                                                                                           |

(ECF No. 468 at 17-19).

Upon review of the plea agreement and change-of-plea colloquy, this court concludes that petitioner knowingly and voluntarily agreed to the waiver. Petitioner provides no factual basis for this court to conclude that enforcing the waiver would constitute a miscarriage of justice. This court notes that "The United States Court of Appeals of for the Third Circuit has observed that it would constitute a 'miscarriage of justice' for a court to enforce a waiver under circumstances in which the petitioner's counsel 'was ineffective or coercive in negotiating the very plea agreement that contained the waiver.'" Kohlmiller v. United States, No. 06-51E, 2010 WL 3270753, at *5 (W.D. Pa. Aug. 18, 2010) (quoting Mabry, 536 F.3d at 243).[3] In contrast to

---

[3] See United States v. Khattak, 273 F.3d 557, 562 (3d Cir. 2001) ("The Court of Appeals for the Seventh Circuit held a waiver will not bar appeal if the defendant claims his plea agreement was the product of ineffective assistance of counsel." (citing United States v. Joiner, 183 F.3d 635, 645 (7th Cir. 1999))).

9

the petitioner's claim of ineffective assistance of counsel at the pleading stage in Kohlmiller, petitioner's pro se motion in this case only claims that counsel was ineffective at the *sentencing* stage. Id.  As a result, this court has no reason to believe that enforcing a waiver entered into under the direction of presumably effective counsel would be a miscarriage of justice.

The court notes that there were significant benefits provided to petitioner in the plea agreement.  The government agreed a) not to file an information under § 851 which would have increased the mandatory minimum term of imprisonment from ten to twenty years and b) stipulated to the type and quantity of cocaine and crack cocaine attributable to petitioner.  (Id. at 19-20).  Petitioner acknowledged there were no assurances or promises made to him about what his actual sentence would be other than what he was told about the minimum and maximum penalties.  (Id. at 22).  Defendant acknowledged his guilt.  (Id. at 23-24).  This court "will not . . . review his sentence for reasonableness, if he validly waived his right to that review."  Corso, 549 F.3d at 928.  Here, petitioner validly waived his right to review.  Although this court finds that the waiver of collateral review should be enforced, the court will examine petitioner's claims that counsel was ineffective during sentencing for the sake of completeness.

**IV.  Ineffective Assistance of Counsel**

To establish ineffective assistance of counsel in violation of the Sixth Amendment petitioner must prove:  (1) deficient representation, meaning that counsel's representation fell below an objective standard of reasonableness; and (2) prejudice, meaning that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Williams v. Taylor, 529 U.S. 362, 390-91 (2000); Strickland v. Washington, 466 U.S. 668 (1984).

The United States Court of Appeals for the Third Circuit has recognized that courts may address the prejudice prong of the Strickland analysis first. See McAleese v. Mazurkiewicz, 1 F.3d 159, 170 (3d Cir.), cert. denied, 510 U.S. 1028 (1993) ("Indeed, this Court has read Strickland as requiring the courts to decide first whether the assumed deficient conduct of counsel prejudiced the defendant. . . .")(internal quotations and citations omitted). The court of appeals in McAleese noted that the Supreme Court in Strickland recognized:

> "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."

1 F.3d at 171 (quoting Strickland, 466 U.S. at 697). The court will examine the prejudice prong of the Strickland analysis before considering the deficient representation prong.

**A. Prejudice**

Concerning the prejudice prong, a "reasonable probability" is a probability sufficient to undermine confidence in the outcome. Williams, 529 U.S. at 390-91. In the case of ineffective assistance at sentencing, prejudice is established if the movant demonstrates that his sentence was increased by the deficient performance of his attorney. Glover v. United States, 531 U.S. 198, 200, 203-04 (2001). That is, a movant arguing ineffective assistance at sentencing must show that counsel's deficiencies at sentencing created a reasonable probability that, but for the deficient performance, his sentence would have been less harsh. See id. at 200.

Petitioner must go beyond proving that counsel's unprofessional errors had "some conceivable effect on the outcome of the proceeding." Strickland, 466 U.S. at 693. Petitioner must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694. Even assuming counsel's alleged

11

deficiencies were professionally unreasonable, it is clear that petitioner was not prejudiced. Petitioner provides no factual support for the objections petitioner claims counsel arguably should have raised. Even if counsel objected to enhancements for the use of a dangerous weapon in relation to the crime, the career criminal status of petitioner, or the drug quantity attributable to petitioner,[4] this court would have overruled each objection because there was no factual basis alleged by petitioner to sustain such objections. Petitioner's claim that counsel failed to object to petitioner being sentenced outside the applicable advisory guidelines is completely without merit as this variance worked in petitioner's factor. The applicable guideline range for petitioner's sentence was 262-327 months, and this court sentenced petitioner to 185 months. Petitioner's claim that counsel failed to object to the court's failure to acknowledge the significant rights given up by petitioner in pleading guilty is equally meritless and wholly contradicted by the record. As noted, petitioner benefitted from the plea agreement and at the change of plea hearing acknowledged he was willing to agree to the waiver of his rights. (ECF No. 468 at 19). Without any factual support to show there was merit to any objection petitioner claims counsel should have raised at sentencing, petitioner was not prejudiced by counsel's failure to raise them.

**B.     Deficient Representation**

When evaluating whether counsel's performance was deficient, the relevant inquiry is whether counsel's assistance was reasonable under the totality of the circumstances. Strickland, 466 U.S. at 688. "Because advocacy is an art and not a science, and because the adversary system requires deference to counsel's informed decision, strategic choices must be respected . . . if they are based on professional judgment." Id. at 681. "*Strickland* and its progeny make clear

---

[4] Petitioner stipulated in the plea agreement to the quantity of drugs attributable to petitioner. (ECF No. 468 at 20). Under that circumstance it is not possible for petitioner to meet the burden of showing prejudice. Petitioner provides no factual support to contradict the findings used by this court at sentencing and does not deny that he did in fact possess the amount in question.

that counsel's strategic choices will not be second-guessed by post-hoc determinations that a different . . . strategy would have fared better." Roland v. Vaughn, 445 F.3d 671, 681-82 (3d Cir. 2006).

Counsel's overall strategy when reviewing the presentence report and during sentencing was reasonable. Petitioner alleges no facts that would support a conclusion that counsel's actions were unreasonable. This court has

> every reason to believe that petitioner's . . . counsel made an informed judgment call that was counsel's to make. Even if the record did not provide this affirmative assurance, however, we would be required to so assume unless the petitioner has come forward with evidence to the contrary sufficiently probative to overcome the "strong presumption" required by *Strickland*.

Sistrunk v. Vaughn, 96 F.3d 666, 671 (3d Cir. 1996). Counsel had no basis to object to the probation officer's finding that a dangerous weapon was used in connection with the crime because petitioner had the opportunity to object to this finding, but failed to do so. During the sentencing hearing, the probation officer agreed that two changes needed to be made to the presentence investigation report. The changes were necessary to correct petitioner's social security number and to remove an arrest report. Neither change had an effect on the applicable guidelines. The court and petitioner engaged in the following colloquy:

| | |
|---|---|
| THE COURT: | Okay, okay. And then, there will be a change to the Social Security number. |
| TERRELL LEWIS, Probation Officer: | Yes. |
| THE COURT: | Which number is that? Where is that located? |
| COUNSEL: | Be on Page 1(b), Your Honor. |
| THE COURT: | I see. Okay. So, that's going to be changed. Okay. |

|                    |                                                                                                                                                                                                              |
|--------------------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|                    | Now, Mr. Miller, did you read the presentence report?                                                                                                                                                        |
| THE DEFENDANT:     | Yes, ma'am.                                                                                                                                                                                                  |
| THE COURT:         | And other than the two changes that have been agreed to by the parties, and which the probation officer is going to make the changes and have a revised report, are there any other questions or concerns that you have about the presentence report? |
| THE DEFENDANT:     | No, ma'am.                                                                                                                                                                                                   |
| THE COURT:         | Okay. You did review the presentence report with your counsel; is that right?                                                                                                                                |
| THE DEFENDANT:     | Yes, I did.                                                                                                                                                                                                  |

(ECF No. 466 at 6).

Counsel's actions in relation to petitioner's career offender classification were entirely reasonable. The record reflected that petitioner had previously been convicted of robbery (in which it was found that a firearm was used in connection to the robbery) and a felony drug charge. Counsel had no basis to object to the findings; rather, counsel's reasonable strategy involved pointing out the long-passage of time since petitioner's previous convictions in order to plead for a downward departure or variance. Counsel similarly had no basis to object to the amount of drugs attributable to petitioner as petitioner stipulated to the amount as part of his plea agreement. Petitioner acknowledged in open court that the government's laboratory testing found approximately fifty-two grams of cocaine base. (ECF No. 468 at 24). [5] Petitioner

---

[5] In United States v. Rodriguez, 153 F. Supp. 2d 590 (E.D. Pa. 2001), the court stated:
> defense agreed not to challenge the drug quantity in exchange for the Government not presenting evidence at the sentencing that the Petitioner was in fact responsible for far greater than five kilograms of cocaine. . .

benefited from the plea agreement because, among other things, the government agreed to forego filing a motion pursuant to 21 U.S.C. § 851 to increase the minimum term of imprisonment allowable by law. (Id. at 12-13).

Petitioner's remaining two grounds are without merit and do not implicate unreasonable judgment by counsel. Counsel did not act unreasonably for failing to object to petitioner being sentenced outside the advisory guidelines because the court varied downward and the variance worked in petitioner's favor. Counsel also did not act unreasonably for failing to object to the court's failure to acknowledge the important rights that petitioner was giving up by pleading guilty because this claim is wholly contradicted by the record. This court discussed and petitioner acknowledged his understanding of each right waived by petitioner during his plea hearing on February 9, 2009. (ECF No. 468). Petitioner presents no facts to this court to suggest that counsel had any basis to raise the objections noted by petitioner. This court finds that counsel acted reasonably because "counsel cannot be deemed ineffective for failing to raise a meritless claim." Werts v. Vaughn, 228 F.3d 178, 203 (3d Cir. 2000).

## IV. Need for Evidentiary Hearing

For reasons set forth herein, and based upon petitioner's motion and files and records of the case, the court determines that petitioner's motion shall be denied without a hearing because the motion and files and records of the case show conclusively that petitioner is not entitled to relief.

---

> Counsel's decision appears to not only be within the range of competent assistance, but also appears to be quite prudent. For this Court to decide otherwise would be to ignore the deference we are required to give to trial counsel's decisions. *See Strickland,* 466 U.S. at 689.

Id. at 596.

## V. Certificate of Appealability

When a district court issues a final order denying a § 2255 petition, the court must also make a determination about whether a certificate of appealability ("COA") should issue or the clerk of court of appeals shall remand the case to the district court for a prompt determination as to whether a certificate should issue. See 3rd Cir. L.A.R. 22.2. Based upon the motion and files and records of the case, and for the reasons set forth herein, the court finds that petitioner did not show a substantial denial of a constitution right. Therefore a COA should not issue.

## VI. Order

An appropriate order will be entered.

By the court,

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

Dated: November 28, 2012

cc: Freddie Miller, Jr.
　　#09419-068
　　 FCI Gilmer
　　 Federal Correctional Institution
　　 P.O. Box 6000
　　 Glenville, WV 26351