# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 07-100 |
| | ) | |
| FREDDIE MILLER, | ) | |
| Defendant. | ) | |

## OPINION

CONTI, Senior District Judge.

### I. Introduction

Pending before the court is a motion for reduction of sentence pursuant to the First Step Act of 2018 (the "First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (ECF No. 771) filed by defendant Freddie Miller ("Miller" or "defendant"). For the reasons set forth in this opinion, the motion for reduction will be granted in part and denied in part. The court will reduce Miller's term of supervised release, but declines to reduce his term of imprisonment.

### II. Background

On March 31, 2007, a federal grand jury returned an indictment charging Miller with: (1) conspiracy to distribute and possess with the intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, and 5 kilograms or more of a mixture containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846 (count one); (2) one count of possessing with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A)(iii) (count fifteen); (3) one count of possessing with intent to distribute less than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C) (count twenty); and (4) one count of possessing with intent to distribute

five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B)(iii) (count twenty-one). (ECF No. 15). On February 9, 2009, Miller entered a plea of guilty to count fifteen of the indictment. (ECF No. 384.)

On June 12, 2009, the court held a sentencing hearing. (Hearing Transcript ("H.T.") 6/12/2019 (ECF No. 466).) The court's findings with respect to the statutory penalties and applicable guidelines were, in pertinent part, as follows:

(1) the base offense level was 32;

(2) the offense level was reduced by 2 points because the offense involved cocaine base and at least one other controlled substance;

(3) the offense level was increased by two levels because a dangerous weapon was possessed in connection with the offense;

(4) Miller was a career offender as defined in U.S.S.G. § 4B1.1(a), and, therefore, his base offense level was 37;

(5) the offense level was decreased by 2 levels because Miller accepted responsibility for his criminal conduct;

(6) the offense level was decreased by 1 level because Miller timely notified the government of his intention to plead guilty;

(7) the total adjusted offense level was 34;

(8) Miller had 16 criminal history points, and, because he is a career offender, his criminal history category was VI;

(9) the statutory minimum term of imprisonment was ten years and the statutory maximum term of imprisonment was life;

(10) the applicable guideline range for imprisonment was 262 months to 327 months;

(11) the statutory minimum term of supervised release and the applicable guideline term of supervised release was five years;

(12) the statutory maximum fine to be imposed was $4,000,000.00; and

(13) the applicable guideline fine range was $17,500.00 to $4,000,000.00.

2

(Id. at 7-12.)

Counsel for Miller requested the mandatory minimum term of imprisonment of ten years. (Id. at 13.) The government explained that it generally was the policy of the Department of Justice ("DOJ") to request the court to sentence defendants convicted of crack-cocaine offenses under the guidelines by applying a 1-to-1 ratio with powder cocaine. (Id. at 14.) The government, however, explained that if the defendant was a "violent-type offender…[and]…firearms were involved[,]" the DOJ policy was to request courts to sentence defendants convicted of crack-cocaine offenses by applying the 100-to-1 ratio with powder cocaine. (H.T. 6/12/2019 (ECF No. 466) at 14.) The government pointed out that three firearms were found with the crack cocaine attributed to Miller and Miller was previously convicted of a robbery in which he used a firearm to rob a victim while asking the victim whether he was selling marijuana. (Id.) The government argued that even if the court applied the 1-to-1 ratio, Miller was subject to a statutory maximum twenty-year term of imprisonment, and, as a career offender at the 1-to-1 ratio would have a guideline range for a term of imprisonment of 151 months to 188 months. (Id. at 15.)

The court imposed upon Miller a term of imprisonment of 185 months, which represented a significant variance from the applicable guideline range of 262 months to 327 months, followed by a term of supervised release of five years, no fine, and a special assessment of $100. (ECF No. 450.) The court considered the DOJ's policy, which reflected that the DOJ believed the 100-to-1 ratio applied in crack-cocaine offenses was "overstated." (H.T. 6/12/2009 (ECF No. 466) at 22.) The court explained that it determined Miller's sentence by considering all the factors set forth in 18 U.S.C. § 3553(a). The court recognized:

- the serious nature of defendant's offense, which was reflected in Congress' enactment of a ten-year statutory minimum term of imprisonment for the offense;
- the offense involved drugs and guns, which is a very dangerous combination;

3

- Miller had violence in his background, e.g., the robbery which involved holding the victim at gunpoint;

- Miller had a difficult childhood, lost both his parents, and did not graduate high school;

- the crack cocaine and powder cocaine disparity, which formed the basis for the variance in the guidelines from 262 months to 327 months down to 151 months to 188 months;

- a lengthy term of imprisonment was warranted in light of Miller's criminal history and possession of firearms in the instant offense; and

- the lengthy term of imprisonment would deter criminal conduct and protect the public from further crimes by defendant.

(H.T. 6/12/2009 (ECF No. 466) at 22-31.) With respect to the sentencing range established by the guidelines, the court explained:

> Now, the guidelines recognize the disparity between the crack and the powder cocaine. And also, the Court chose to vary from that significantly down, from over 260 months to the 185 months, but I chose to go to the higher end in the powder cocaine guideline range, and that is to recognize there's, there is a difference between the crack and the powder. Crack is, it's much more addictive. It is, it has had devastating effects in the community. And also, the fact that there were guns involved with this. And the, and the need to recognize that the other person, who was your girlfriend, she had no criminal background whatsoever, and she was going to -- she did the statutory mandatory minimum of 120 months. So, this additional time, I think, reflects the differences in the criminal backgrounds, and is an appropriate sentence, although, it's outside of the guideline range.

(Id. at 31.) With respect to avoiding unwarranted sentencing disparities, the court explained:

> The sixth factor is the need to avoid unwarranted disparity among defendants with similar criminal records who would have been found guilty of similar conduct. This is the one that, really, when you consider that your co-defendant, who was your girlfriend, received the statutory mandatory minimum, with no criminal history, I think that would have been an unwarranted sentence disparity, because she did not have a similar background, and would have received the same offense -- or would have received, and would have received a significantly -- it would not be a disparity that would be warranted. I am varying from the Sentencing Guidelines in a significant way, but I think that will help to avoid any sentence disparities giving rise from the powder crack disparity.

(Id. at 31-32.) Counts one, twenty, and twenty-one were dismissed upon the motion of the government. (Id.) According to defendant, he was incarcerated in this case on July 12, 2006, and his release date from the Bureau of Prisons ("BOP") is January 16, 2020. (ECF No. 771 at 1); (H.T. 6/12/2009 (ECF No. 466) at 19).

On June 22, 2009, Miller filed a notice of appeal of his sentence. (ECF No. 452). On May 18, 2010, the United States Court of Appeals for the Third Circuit granted the government's motion to enforce the appellate waiver summary action and affirmed the judgment of this court. (ECF No. 566).

On August 3, 2010, Congress enacted the Fair Sentencing Act and it was signed into federal law. The Fair Sentencing Act reduced penalties for crack cocaine offenses and directed the United States Sentencing Commission to review and within ninety days amend the advisory sentencing guidelines to account for the reductions. On November 1, 2010, the relevant amendments to the guidelines became effective. For example, under the statutory amendments, the mandatory minimum sentence to which Miller was subject would be lowered from ten years to five years, the statutory maximum term of imprisonment would be lowered from life to 40 years, and the advisory guideline range for his term of imprisonment would be lowered from 262 months to 327 months to 188 months to 235 months.[1]

---

[1] Pursuant to U.S.S.G. § 4B1.1, defendant at the time he was sentenced was a career offender. Under the FSA, the applicable statutory maximum term of imprisonment to count fifteen is 40 years. Pursuant to § 4B1.1(b)(B), defendant's offense level as a career offender, which is based upon the offense's statutory maximum term of imprisonment, is 34. Defendant's offense level is reduced by: (a) two levels because he accepted responsibility for his criminal conduct by entering a plea of guilty, U.S.S.G. § 3E1.1(a); and (b) one additional level because he timely notified authorities of his intention to enter a plea of guilty, U.S.S.G. § 3E1.1(b). Defendant's total adjusted offense level is, therefore, 31. An offense level of 31 and defendant's criminal history category of VI, result in a sentencing range of imprisonment of 188 months to 235 months.

On April 9, 2019, Miller filed a motion to reduce sentence under the First Step Act. (ECF No. 771.) On April 22, 2019, the government filed a response in opposition. (ECF No. 775.) On April 26, 2019, Miller filed a reply brief. (ECF No. 776.) The motion for reduction of sentence is now ripe to be decided by the court.

### III. Discussion

#### A. The First Step Act Generally

A district court has limited authority to modify a sentence. The court's limited authority to reduce defendant's sentence under the First Step Act is provided by 18 U.S.C. § 3582(c)(1)(B). Section 3582(c)(1)(B), in pertinent part, provides: "the court may modify an imposed term of imprisonment ***to the extent otherwise expressly permitted by statute***…." 18 U.S.C. § 3582(c)(1)(B) (emphasis added). The express provisions of the First Step Act provide this court with the authority to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act…were in effect at the time the covered offense was committed." First Step Act § 404(b). "Section 2 of the Fair Sentencing Act increased the quantity of crack cocaine that triggered mandatory minimum penalties." United States Sentencing Commission, Office of Education & Sentencing Practice, *FIRST STEP Act*, INSIDER EXPRESS SPECIAL EDITION, January 2019, at 1. "Section 3 of the Fair Sentencing Act eliminated the statutory mandatory minimum sentence for simple possession of crack cocaine." Id.

If a district court determines that a defendant is eligible for relief under the First Step Act, the district court may exercise its discretion to reduce the defendant's sentence. The First Step Act provides: "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c). Courts construe this provision to mean that a district court has discretion whether to reduce a sentence imposed upon a defendant who was

sentenced prior to the enactment of the Fair Sentencing Act. Ladd v. Kallis, No. 18-CV-1063, 2019 WL 1585110, at *2 (C.D. Ill. Apr. 12, 2019) ('The First Step Act gave sentencing courts discretion to resentence individuals such as Ladd, who had been sentenced prior to the Fair Sentencing Act."); United States v. Bishop, No. 10-CR-30166-JPG, 2019 WL 1377020, at *1 (S.D. Ill. Mar. 27, 2019) ("Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act. First Step Act, § 404(c). In sum, the Court now may, but is not required to, reduce a defendant's sentence if application of a statutory range changed by the Fair Sentencing Act would have resulted in a sentence lower than the defendant's original sentence."); United States v. Glore, No. 99-CR-82-PP, 2019 WL 1060838, at *2 (E.D. Wis. Mar. 6, 2019) ("The First Step Act does not mandate sentence reductions for defendants who meet these qualifications; it leaves to the court's discretion whether to reduce their sentences."); United States v. Davis, No. 07-CR-245S (1), 2019 WL 1054554, at *3 (W.D.N.Y. Mar. 6, 2019) ("Relief under the First Step Act is discretionary.").

The parties in this case dispute whether—if this court decides to exercise its discretion to reduce defendant's sentence—Miller is entitled to a limited or plenary resentencing under the First Step Act. As discussed above, a district court's limited authority to modify defendant's sentence is provided by § 3582(c)(1)(B),[2] which, in pertinent part, provides: "the court may modify an

---

[2] In Dillon v. United States, 560 U.S. 817 (2010), the Supreme Court of the United States held that a defendant is not entitled to a plenary sentencing under § 3582(c)(2). Section 3582(c)(2) permits a court to modify a final sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582. The analysis in Dillon "[is not] helpful in analyzing the sentence reduction authority Congress has granted the courts through § 404[,]" United States v. Rivas, No. 04-CR-256-PP, 2019 WL 1746392, at *7 (E.D. Wis. Apr. 18, 2019), because Miller is not requesting a reduced sentence based upon an amendment to the sentencing guidelines; rather, Miller requests a reduced sentence "to the extent…permitted by statute[,]" 18 U.S.C. § 3582(c)(1)(B), which is governed by § 3582(c)(1)(B). But see United States v. Glover, No. 95-08021-CR, 2019 WL 1562833, at *9 (S.D. Fla. Apr. 11, 2019) (relying upon, among other things, the Eleventh Circuit Court of Appeals' interpretation of § 3582(c)(2)

7

imposed term of imprisonment to the extent otherwise *expressly* permitted by statute…." 18 U.S.C. § 3582(c)(1)(B) (emphasis added). The *express* provisions of the First Step Act provide this court with the authority to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act…were in effect at the time the covered offense was committed." First Step Act § 404(b). The First Step Act does not *expressly* authorize a district court to conduct a plenary resentencing of the defendant. This court cannot conduct a plenary resentencing[3] under the First Step Act because the First Step Act specifically provides that the sentencing is limited to imposing a reduced sentence "as if sections 2 and 3 of the Fair Sentencing Act" were in effect when the defendant committed the offense. First Step Act § 404(b).

Other district courts that have considered this issue under the First Step Act have held that a defendant is not entitled to a plenary sentencing under § 3582(c)(1)(B). See e.g., United States v. Buggs, No. 1:09-CR-147-2, 2019 WL 3282656, at *6 (W.D. Mich. July 22, 2019) ("Here the Court previously determined, and reaffirms here, that the First Step Act does not provide for a plenary-resentencing."); United States v. Marin-Torres, No. 2:09-CR-262-RSL, 2019 WL 3253261, at *3 (W.D. Wash. July 19, 2019) (explaining that under the First Step Act the court is authorized to only recalculate a defendant's sentence as if the FSA was in effect when the defendant committed the offense of conviction); United States v. Williams, No. CR 3:02-548-03-CMC, 2019 WL 3251520, at *4 (D.S.C. July 19, 2019) ("although Defendant is eligible for consideration of a reduced sentence under the First Step Act, he is not entitled to a full

---

under which a defendant is not entitled to a plenary resentencing to conclude a defendant is not entitled to a plenary resentencing under § 3582(c)(1)(B)).

[3]    The court at the time Miller was sentenced found he was a career criminal, and the First Step Act did not alter that finding. The court, therefore, declines to consider Miller's arguments about the convictions underlying his career offender status and that he would not qualify as a career offender under current law. See (ECF No. 771 at 9-10).

resentencing"); United States v. Rivas, No. 04-CR-256-PP, 2019 WL 1746392, at *8 (E.D. Wis. Apr. 18, 2019) ("The First Step Act does not "expressly permit" the court to conduct a plenary resentencing."); United States v. Shelton, No. CR 3:07-329 (CMC), 2019 WL 1598921, at *2 (D.S.C. Apr. 15, 2019) ("Neither the Fair Sentencing Act nor the First Step Act expressly provide for a full or plenary resentencing for reconsideration of original sentencing determinations."); United States v. Glover, Crim. Action No. 95-08021, 2019 WL 1562833, at *10 (S.D. Fla. Apr. 11, 2019); United States v. Perkins, No. CR06-0114-LRR, 2019 WL 1578367, at *3 (N.D. Iowa Apr. 3, 2019) ("a full resentencing is neither required nor called for"); United States v. Russo, No. 8:03CR413, 2019 WL 1277507, at *1 (D. Neb. Mar. 20, 2019) ("Third, the Court cannot conclude that the First Step Act anticipates a full re-sentencing with application of laws and Guidelines that have changed since a defendant's original sentencing, other than the retroactive application of the reduced penalties for crack cocaine set out in the Fair Sentencing Act.");[4] Davis, 2019 WL 1054554, at *2 ("Nowhere does the Act expressly permit the type of plenary resentencing or sentencing anew that Davis advocates."); but see United States v. Green, No. CR98-5067 BHS (W.D. Wash. Apr. 24, 2019) (applying the rule of lenity and finding "the most natural reading of the…[directive to court in the First Step Act to resentence as if sections 2 and 3 were in effect at the time the defendant was sentenced is] is to have…[the] current Court impose a reduced sentence as if the current statutes were in place when…[the defendant] committed his offenses").[5]

---

[4] The court in Russo explained its rationale for why a defendant is not entitled to a full resentencing under the First Step Act as follows: "If the Court were to engage in such a re-sentencing, applying other laws and Guidelines that have been changed since Russo's original sentencing, it would work an injustice to offenders sentenced in the past who did not have a crack cocaine conviction qualifying for sentence reduction pursuant to the Fair Sentencing Act of 2010." United States v. Russo, No. 8:03CR413, 2019 WL 1277507, at *1 (D. Neb. Mar. 20, 2019).

[5] Unlike the court in Green, this court finds the directive in the First Step Act that the court shall "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act…were in effect at the time the covered offense was committed[,]" First Step Act § 404(b) is not

A court must, however, consider the factors set forth in 18 U.S.C. § 3553(a) when reducing a sentence; indeed, nothing in the First Step Act of § 3582(c)(1)(B) nullified the mandate in § 3553(a) that "[t]he court, in determining the particular sentence to be imposed, shall consider" the § 3553(a) factors. 18 U.S.C. § 3553(a); United States v. Lewis, No. CR 08-0057 JB, 2019 WL 1923047, at *24 (D.N.M. Apr. 30, 2019) ("The Court concludes that, although the First Step Act does not require a full resentencing with the defendant present, the First Step Act permits a court to consider the 18 U.S.C. § 3553(a) factors in determining whether a First Step Act-eligible defendant's circumstances warrant a sentence reduction, and to what extent the court should reduce his or her sentence."); United States v. Allen, No. 3:96-CR-00149-RNC-3, 2019 WL 1877072, at *4 (D. Conn. Apr. 26, 2019) ("Any potential disparity can be considered in deciding whether to grant a sentence reduction under the First Step Act."); United States v. Simons, No. 07-CR-00874, 2019 WL 1760840, at *7 (E.D.N.Y. Apr. 22, 2019) (finding reduction of the defendant's sentence was warranted after consideration of the § 3553(a) factors).

Based upon the foregoing, the court will determine whether to exercise its discretion to reduce Miller's sentence, and, if so, conduct a resentencing limited to consideration of the § 3553(a) factors and as if sections 2 and 3 of the Fair Sentencing Act were effective on the day Miller committed his offense of conviction.

### B. The Court's Discretion

Under the Fair Sentencing Act, the statutory minimum term of imprisonment applicable to count two is reduced from <u>ten years</u> to <u>five years</u> and the advisory guidelines range as a career

---

ambiguous and subject to the rule of lenity. United States v. Flemming, 617 F.3d 252, 269 (3d Cir. 2010) (explaining the rule of lenity should not be invoked merely to resolve difficult questions of interpretation, but should only be applied in situations involving "grievous ambiguity or uncertainty in the statute") (quoting Muscarello v. United States, 524 U.S. 125, 138-39(1998)); United States v. Pollen, 978 F.2d 78, 85 (3d Cir. 1992).

offender, which is based upon the applicable statutory maximum term of imprisonment, is reduced from 262 months to 327 months to 188 months to 235 months. The applicable statutory term of supervised release applicable to Miller is reduced from a statutorily required term of five years to a statutorily required term of four years. 21 U.S.C. § 841(b)(1)(B)(iii). Miller requests under the First Step Act a reduction of his term of imprisonment from 185 months to 165 months and a reduction of his term of supervised release from five years to four years. (ECF No. 771 ¶ 4.) He argues that if the court grants him the relief he seeks, he would be entitled to immediate release from imprisonment. (Id.)

The court declines to exercise its discretion to reduce Miller's term of imprisonment. Although the Fair Sentencing Act reduced the sentencing guideline range for imprisonment applicable to Miller, the court did not sentence him to a term of imprisonment in accordance with the sentencing guidelines applicable to him prior to the enactment of the Fair Sentencing Act, i.e., in accordance with a guideline range of 262 months to 327 months. In a typical case, the sentencing guidelines are "are in a real sense the basis for the sentence." Molina-Martinez v. United States, 136 S.Ct. 1338, 1345 (2016). This case, however, is not typical. This case is one of the "rare case[s]" in which a district court "disregard[s] the Guidelines as too severe in such a way" that a change in the guidelines does not affect the sentence imposed. United States v. Langford, 516 F.3d 205, 208 (3d Cir. 2008); United States v. Crews, 494 F. App'x 240, 241 (3d Cir. 2012). The court—in consideration of the § 3553(a) factors and the disparity in the guidelines between powder-cocaine offenses and crack-cocaine offenses—granted Miller a significant variance and applied to his case a guideline range for a term of imprisonment of 151 months to 188 months. The court sentenced Miller to a term of imprisonment of 185 months, which is near the high-end of that range, because of his violent background, crack is more addictive than powder cocaine, three

firearms were found in connection with the offense, and Miller's codefendant, who did not have a criminal history, was sentenced to the statutory mandatory minimum term of imprisonment of 120 months. In other words, Miller's variance was not imposed under pre-Fair Sentencing Act Amendments; indeed, while the court acknowledged the crack cocaine sentencing range of 262 months to 327 months, it rejected that range and used as its starting point the powder cocaine guideline range of 151 months to 188 months. Miller's motion for a reduced sentence with respect to his term of imprisonment will, therefore, be denied.

The court will, however, exercise its discretion to reduce Miller's term of supervised release to four years. The court imposed upon him a term of supervised release in accordance with the pre-Fair Sentencing Act statutory minimum term of supervised release of five years, but the applicable statutory minimum term of supervised release under the Fair Sentencing Act is now four years. The sentence reduction is appropriate because, among other reasons, Miller, who will be released from custody in three months, has plans to live with the mother of his children upon his release from the BOP. Miller while incarcerated obtained his General Education Diploma, (ECF No. 771-2 at 1), and completed two drug abuse education courses (id. at 3-4). The court is encouraged that with a stable living situation, Miller upon release will be able to live a law-abiding and productive life; indeed, the government does not object to Miller's request to reduce his term of supervised release from five years to four year, (ECF No. 775 at 7 n.2). The motion for reduction of sentence will, therefore, be granted with respect to his term of supervised release and Miller's term of supervised release will be reduced from five years to four years.

### C. Defendant's Appearance at a Hearing

Federal Rule of Criminal Procedure 43(b)(4) provides:

**(b) When Not Required**. A defendant need not be present under any of the following circumstances:

…
**(4) Sentence Correction.** The proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c).

FED. R. CRIM P. 43(b)(4). The Advisory Committee's notes to Rule 43 provide:

> The second issue addressed by the amendment is the applicability of Rule 43 to resentencing hearings conducted under 18 U.S.C. § 3582(c). Under that provision, a resentencing may be conducted as a result of retroactive changes to the Sentencing Guidelines by the United States Sentencing Commission or as a result of a motion by the Bureau of Prisons to reduce a sentence based on "extraordinary and compelling reasons." The amendment provides that a defendant's presence is not required at such proceedings. In the Committee's view, those proceedings are analogous to Rule 35(b) as it read before the Sentencing Reform Act of 1984, where the defendant's presence was not required. Further, the court may only reduce the original sentence under these proceedings.

FED. R. CRIM. P. 43, Adv. Committee n.

The First Step Act proceeding in this case is a proceeding involving the reduction of defendant's sentence under § 3582(c)(1)(B). A plain reading of Rule 43(b)(4) provides that Miller's appearance is not required for the court to reduce his sentence under § 3582(c)(1)(B). The court is not constrained to follow the Advisory Committee's note set forth above that suggests Rule 43(b)(4) applies only to proceedings under § 3582(c)(2). The court in United States v. Downin, 884 F.Supp. 1474 (E.D. Cal. 1995), explained:

> The Supreme Court teaches that advisory committee notes are "of weight" in the construction of the federal rules, but are not determinative. Torres v. Oakland Scavenger Co., 487 U.S. 312, 316, 108 S.Ct. 2405, 2408, 101 L.Ed.2d 285 (1988). Accordingly, they should be relied upon only where there is an ambiguity in the text of the rule which necessitates resort to extrinsic aids. See Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 n. 9 (9th Cir.1986) (advisory committee notes guide interpretation of ambiguous rules); see also Tello v. McMahon, 677 F.Supp. 1436, 1441 (E.D.Cal.1988) (principles of statutory construction generally). Although it has been said that the advisory committee notes more accurately reflect actual congressional intent and are thus entitled to greater weight than other forms of legislative history, see United States v. Anderson, 942 F.2d 606, 611 (9th Cir.1991), they remain extrinsic sources. Where the language of a rule is unambiguous, it is conclusive, and resort to such extrinsic sources is unnecessary since construction is unnecessary. See Tello, 677 F.Supp. at 1441.

United States v. Downin, 884 F. Supp. 1474, 1479 (E.D. Cal. 1995). The plain language of Rule 43, which refers to the entirety of 18 U.S.C. § 3582(c), therefore, controls in this case. The court is not required to hold a hearing at which Miller is present to reduce his term of supervised release.

VI. **Conclusion**

Miller is entitled to seek relief under the First Step Act. The court will exercise its discretion to reduce his term of supervised release to four years. The court declines to exercise its discretion to reduce Miller's term of imprisonment. The motion for reduction of sentence (ECF No. 771) will, therefore, be granted in part and denied in part.

Appropriate orders will be entered.

BY THE COURT,

Dated: November 6, 2019

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Court Judge